PROB 12B
(REVISED 5/2011)

# United States District Court
for
Middle District of Tennessee

## Petition to Modify the Condition or Term of Supervision
*(Probation Form 49 Waiver of Hearing on the Modification is attached)*

Name of Offender: <u>Marcia Press</u>      Case Number: <u>2:11-00002-22</u>

Name of Sentencing Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>May 18, 2012</u>

Original Offense: <u>21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, Hydrocodone, and Alpraxolam</u>

Original Sentence: <u>Time served followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>      Date Supervision Commenced: <u>May 18, 2012</u>

Assistant U.S. Attorney: <u>Alex Little</u>      Defense Attorney: <u>Thomas J. Drake, Jr.</u>

### PETITIONING THE COURT

■ To modify the release conditions as follows:

1. **The defendant shall reside at Diersen Charities Residential Re-Entry Center, for up to 12 months or as directed by the U.S. Probation Office.**

THE COURT ORDERS:
☐ No Action
☐ The extension of supervision as noted above.
☒ The modification(s) as noted above.
☐ Other

Considered this 21st day of Aug, 2012, and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

*Kara Sanders*

Kara Sanders
U. S. Probation Officer

Place    Nashville, Tennessee

Date    August 20, 2012

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation No.</u>  <u>Nature of Noncompliance</u>

1. **<u>The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment:</u>**

    After her release from custody, Marcia Press initially reported residing with her mother, Donna Clark, in Crossville, TN. On May 29, 2012, a home contact was conducted to confirm this report. During this contact she reported she was looking for employment and taking her Prozac as prescribed.

    On June 19, 2012, at approximately noon, another home contact was conducted and Ms. Press was not home. Her mother advised she had gone to look for a job. She did leave a note with her current Hydrocodone prescription from a recent doctors visit. Around 3:00 p.m. another home contact was attempted and Ms. Press had not yet returned home.

    On July 17, 2012, a home contact was attempted and no one was home. A note was left asking Ms. Press to contact the probation office. Ms. Press failed to contact the probation office. On August 3, 2012, during a home contact, Ms. Clark advised that Ms. Press was working as a "sitter" for an elderly woman and she was not home. She also reported that Ms. Press' boyfriend, David Cooper, picks her up and takes her to work. Ultimately, Ms. Clark revealed that Ms. Press was no longer living with her as they were not getting along. Ms. Clark reported Ms. Press moved in with Mr. Cooper about three weeks earlier, and provided the address. An attempt was made to locate Ms. Press at Mr. Cooper's residence. No one was home and a note was left for Ms. Press to contact the probation office.

    Ms. Press did submit a monthly report on August 3, 2012, reporting her new residence and employment for July 2012. The report reflected she was working for Mr. Cooper, but reported her address was still with her mother.

    Attempts to contact Ms. Press by telephone had been unsuccessful until August 8, 2012. Officer Sanders was able to reach her via David Cooper's cell phone. Ms. Press advised at this time that her mother had kicked her out several weeks ago and she did not have time to call the probation office. Officer Sanders advised her of the release condition to report any change in residence. Ms. Press continued to defend why she could not notify the probation office about her residence change. It was confirmed with Mr. Cooper that he was her employer and she was sitting with his elderly aunt. She reported she does not get paid, but that she works in trade for a place to live. She also confirmed that Mr. Cooper was her boyfriend and that he lives in the home with his mother and aunt. Officer Sanders reinstructed Ms. Press with regard to the conditions of her release and that it was her responsibility to communicate all changes in residence and employment.

On August 10, 2012, at approximately 9:00 a.m., a home contact was conducted by U.S. Probation Officer Amanda Russell. It appeared someone was home, but no one would answer the door. At approximately 1:30 p.m., Ms. Press contacted Officer Russell and advised that she was home earlier but she was asleep. She was instructed to contact Officer Sanders immediately. She failed to follow this instruction.

On August 14, 2012, Mr. Cooper contacted Officer Sanders and reported that Ms. Press had attempted suicide the previous evening. He reported that they were both drinking alcohol in celebration of his birthday and she became upset and cut her wrist. He called an ambulance, but she refused to go to the hospital. Instead, Mr. Cooper and his mother rented her a room at a local motel for two nights. He provided the motel information. Officer Sanders attempted to contact Ms. Press but the motel indicated she had already checked out.

On August 15, 2012, Ms. Press did contact Officer Sanders. She reported that Mr. Cooper assaulted her and that she went to the hospital. She said the police were called, but that she did not want to press charges. She indicated she was now living with a friend, Jessica Carmack, in Crossville, TN. Ms. Carmack agreed that she could stay with her until other arrangements could be made.

A request for information regarding the 911 call has been submitted to the Crossville Sheriff's Department. No information has been received.

Officer Sanders discussed with Ms. Press the issues surrounding her residence stability. Ms. Press agreed she did not have a stable residence and that it was affecting her mental health in a negative way. However, she denied the suicide attempt. She stated, "I love myself to much to do that."

2. **Shall not commit another federal, state or local crime**:

On August 19, 2012, Ms. Press was arrested for Theft under $500 by the Crossville Police Department. Officer Carlson reported he arrested Ms. Press after a 911 call reporting that her apartment was being burglarized. After investigation it was discovered that Ms. Press had been drinking alcohol with Pete Richards and then stole his wallet. Mr. Richards broke into the apartment to retrieve his wallet. Mr. Richards was arrested for Aggravated Burglary.

On August 20, 2012, Ms. Press reported to Officer Sanders as directed. She did not immediately disclose the arrest. Initially she minimized her involvement but ultimately admitted that she drank enough alcohol on August 19, 2012, to lose track of time and was unsure of the events surrounding her arrest.

3. **Shall refrain from excessive use of alcohol:**

Ms. Press admits that she drank to excess on August 14 and August 19, 2012. She admitted that on both occasions she consumed enough alcohol to cause her to lose track of time and she is unable to clearly recall the events that happened on both occasions.

## Compliance with Supervision Conditions and Prior Interventions:

Marcia Press was placed on supervision May 18, 2012. All conditions of release were explained and she was provided a copy of the Judgment and Commitment Order. She initially reported that she was taking Prozac and her mental health was stable. In May 2012, she participated in a mental health assessment for the Department of Children's Services, with Cumberland Plateau Recovery. This assessment stated that based on the information provided during the assessment she did not meet the criteria for treatment and was referred to Narcotics Anonymous meetings. In July 2012, Officer Sanders referred her for an additional mental health assessment with Cumberland Mountain Mental Health. On August 9, 2012, the assessment was conducted and the recommendation was for her to attend mental health counseling two times per month and continue with her Prozac prescription.

Officer Sanders has consulted with Ms. Press' mental health therapist and she is in agreement that she needs to be in a more structured setting to assist with her compliance on supervision and to address her mental health needs. Once Ms. Press is able to establish steady employment and a suitable residence, she can transition from Dierson Charities. Dierson Charities does have bed space available for Ms. Press.

The waiver of hearing form to modify the conditions of supervised release was throughly explained to Ms. Press and she stated she understood her rights to representation by counsel and to a hearing. Ms. Press voluntarily signed the waiver to modify the conditions of her supervised release.

## U.S. Probation Officer Recommendation:

It is recommended that Ms. Press' special conditions be modified as indicated in the petition.
The U. S. Attorney's Office has been advised of the offender's noncompliance and the probation officer's recommendation for modification of the release conditions.


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# MIDDLE DISTRICT OF TENNESSEE

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

> The defendant shall reside at Diersen Charities Residential Re-Entry Center, for up to 12 months or as directed by the U.S. Probation Office.

Witness: *Kara Sanders*
U.S. Probation Officer

Signed: *Marcia Press*
Probationer or Supervised Releasee

8/20/12
DATE